**WEN SHIN LIN, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES,** Respondent.

**No. 06–2656–ag.**

United States Court of Appeals, Second Circuit.

May 23, 2007.

Theodore N. Cox, New York, NY, for Petitioner.

Peter D. Keisler, United States Department of Justice, Assistant Attorney General, Civil Division, Aviva L. Poczter, Senior Litigation Counsel, Office of Immigration Litigation, Rosanne M. Perry, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. CHESTER J. STRAUB and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Wen Shin Lin, a native and citizen of China, seeks review of a May 24, 2006 order of the BIA affirming the January 20, 2005 decision of Immigration Judge ("IJ") Sandy K. Hom, denying petitioner's application for asylum, withholding of removal, and CAT relief. *In re Lin, Wen Shin*, No. A 70 170 185 (B.I.A. May 24, 2006), *aff'g* No. A 70 170 185 (Immig. Ct. N.Y. City Jan. 20, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

■ Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 158 (2d Cir.2004). Lin did not properly exhaust any challenge to the denial of his withholding and CAT claims. *Id.* Thus, we cannot consider any such challenge. 8 U.S.C. § 1252(d)(1). Furthermore, Lin fails to argue these claims before this Court, and, thus, has waived them. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1 (2d Cir.2005).

We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See, e.g., Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004).

■ We find that substantial evidence in the record supports the IJ's adverse credibility determination as to Lin's family planning claim. Specifically, the IJ reasonably found inconsistencies in Lin's testimony with respect to the circumstances of his arrest and its relationship to the removal of his wife's intrauterine device, as well as inconsistencies in the circumstances of the birth of Lin's second child. These inconsistencies were material to Lin's asylum claim, and thus the IJ did not err by relying on them to find Lin's testimony incredible. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 180 (2d Cir.2004).

In addition, the IJ afforded Lin an opportunity to explain each of these discrepancies, and Lin failed to provide an explanation that a reasonable fact finder would be compelled to credit. *Cf. Ming Shi Xue v. Board of Immigration Appeals,* 439 F.3d 111, 126 (2d Cir.2006).

■ With respect to Lin's religion claim, the IJ properly found that Lin did not establish a credible fear of future persecution. Lin did not sufficiently demonstrate that he would be forced to participate in underground church activities or that he would be persecuted based on such participation, and the fact that his Christian relatives in China continue to openly practice their Christianity undercuts his claim that he would be persecuted solely for being a Christian. *See Hoxhallari v. Gonzales,* 468 F.3d 179, 185 (2d Cir.2006) ("the burden is on [petitioner] to proffer evidence of his well-founded fear of future persecution").

For the foregoing reasons, Lin's petition for review is DENIED to the extent that he challenges the IJ's denial of his application for asylum, and the petition is DISMISSED to the extent that he seeks review of the denial of his withholding of removal and CAT claims. Having completed our review, the stay of removal that the Court previously granted in this petition is VACATED.